UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RODOLFO REYES, SANDRA E. REYES, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SEATON ENTERPRISES, L.L.C., DAVID ) <br> RUSSELL SEATON, ANTHONY CRADY, ) <br> KRISTIE MARVIN, ) <br> ) <br> Defendants. ) | Case No: 1:07-cv-196 <br><br> Chief District Judge Curtis L. Collier |

## MEMORANDUM

Before the Court is plaintiffs Rodolfo Reyes's and Sandra Reyes's (collectively "Plaintiffs'") First Motion for Entry of Default (Court File No. 16). Defendants Seaton Enterprises, L.L.C. ("Seaton Enterprises") and David Russel Seaton ("Seaton") filed a Motion to Dismiss in response (Court File No. 19). Defendants Anthony Crady ("Crady") and Kristie Marvin ("Marvin") also filed a Motion to Dismiss (Court File No. 21). Plaintiffs filed a motion asking the Court to dismiss all Defendants' time barred pleadings and waived motions (Court File No. 23). Defendants filed a reply to the Motion for Entry of Default (Court File No. 31), and Plaintiffs responded (Court File No. 33). Defendant Crady then filed a Motion to Strike the Declaration of George T. Underwood (Court File No. 36), which Plaintiffs had attached to their motion for entry of default. Crady filed a First Motion to Set Aside Request of Clerk for Entry of Default (Court File No. 37). Plaintiffs then filed a Motion to strike this motion to "set aside" Plaintiffs' motion for entry of default (Court File No. 38), along with what might be described as an omnibus Response in Opposition to Defendants Motions (Court File No. 39). Defendants then filed an additional response to the Motion for Default Judgment (Court File No. 41). Plaintiffs then filed a reply to Defendants' Response to Plaintiff's Motion for

Entry of Default (Court File No. 42). Defendants then filed their First Motion to Dismiss Plaintiffs' Amended Complaint (Court File No. 43). Defendants also filed a motion asking for a hearing in this matter (Court File No. 44).

## I.  FACTS

The facts underlying Plaintiffs' claim may be very briefly summarized as they are not complicated. Plaintiffs allege the following:

Seaton and Crady, employees of Seaton Enterprises, lured Rudolfo Reyes to a maintenance shop building owned by Seaton Enterprises on June 2, 2007 (Court File No. 8, "Amended Complaint" ¶¶ 9, 16). Seaton and Crady told Rudolfo Reyes he was needed to do work for Seaton Enterprises (Amended Complaint ¶ 10). During the drive to the location, Crady and Seaton started using racial slurs (Amended Complaint ¶ 13, 14). After they arrived at the shop building, Crady and Seaton held a hushed conference, which Rudolfo Reyes could not hear (Amended Complaint ¶ 19). Eventually, Seaton struck Rudolfo Reyes from behind, and Crady and Seaton continued to beat Rudolfo Reyes while calling him a racial epithet (Amended Complaint ¶ 24). After Seaton and Crady finished, Seaton pulled out a gun and held it inches away from his head (Amended Complaint ¶ 27).

After Defendants Seaton and Crady left, Rudolfo Reyes was able, with the help of "Good Samaritans" to contact the police and to eventually get to a hospital (Amended Complaint ¶ 32). Finally, Crady and Marvin then went to the Good Samaritans' home and told them they 'did not see anything.' (Amended Complaint ¶ 32).

## II.  PLAINTIFFS' MOTION FOR DEFAULT

Plaintiffs filed this action on August 13, 2007 (Court File No. 1). According to the filings, Plaintiffs served the various Defendants on either August 14 or 15 (Court File Nos. 2-4). On September 4, Defendants moved for an extension of time to file an answer to the complaint (Court File No. 10). Plaintiffs filed an Amended Complaint on September 6, 2007. The magistrate judge granted Defendants motion for an extension of time to respond, and Defendants had "an extension of fifteen (15) days within which to respond to plaintiffs' complaint." (Court File No. 11). Plaintiffs filed a Motion for Entry of Default on September 21 (Court File No. 16). Defendants filed their motions to dismiss on September 26 (Court File Nos. 19, 21). Plaintiffs' Motion for Entry of Default will be **DENIED** for two reasons. First, Defendants timely filed their motions to dismiss. Second, even if Defendants' motions were not timely this Court would vacate entry of default on these facts.

### A. Standard of Review

"When a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P 55(a). "A default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2681 (3d ed. 1998) (citing *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C.Cir 1970)). "Under modern procedure, defaults are not favored by the law and any doubts usually will be resolved in favor of the defaulting party." *Id*.

### B. Arguments of the Parties

Plaintiffs argue the Court should calculate time as follows: Plaintiffs served Defendants with the Amended Complaint on August 14. From this date Defendants had 20 days to answer the complaint according to Fed. R. Civ. P. 12(a)(1)(A) (Court File No. 16 at 2). Therefore, Defendants had until September 4, 2007 to file an answer. On that day Attorney Charles Pope entered an appearance on behalf of all of the Defendants (Court File No. 6) and moved for an extension of time requesting an additional 15 days to answer the complaint (Court File No. 10). The magistrate judge granted an extension of 15 days to answer (Court File No. 11). Plaintiffs argue the extension counts from the end of the original answer period, and so Defendants had until September 19 to respond to the complaint (Court File No. 16 at 2). Defendants argue the fifteen day extension counts from the date of entry of the order, September 10, and therefore they had until September 26 to answer or otherwise defend (Court File No. 36 at 3). Defendants filed their motions to dismiss on September 26 (Court File Nos. 19, 21).

Defendants Crady and Hurst filed a motion to strike the affidavit of Plaintiffs' counsel George T. Underwood ("Underwood") (Court File Nos. 35-36). Defendants argue Underwood's affidavit states a mistake of time and the extension of time granted by the magistrate should start the day after the order was entered (Court File No. 36 at 3). This computation would yield a filing deadline of September 26 (*id.*). Defendants also argue the affidavit should be stricken because it states a mistake as to the sum certain of damages.

There are two further responses by Defendants to Plaintiffs Motion for Entry of Default (Court File Nos. 37, 41). Plaintiffs have moved to strike one of these replies as untimely (Court File Nos. 38) and responded to the other reply (Court File No. 42). Defendants have responded in

opposition to the motion to strike (Court File No. 54).

### C. Discussion

This Court need not consider the vast majority of the arguments of the parties as the Court finds Defendants timely filed their motions to dismiss. Plaintiff's timeline is correct, in so far as it goes. Defendants' argument the period of extension should run from the date of the order is without merit. Defendants had an extension of fifteen days by the terms of the magistrate judge's order. Extension implies those days are added onto an existing time limit. Therefore, the days are tacked onto the end of the previous answer period.

However, Plaintiffs incorrectly calculate the end of the previous answer period. When Plaintiffs filed their Amended Complaint on September 6, 2007 the Rules changed the date a response was due. "A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading whichever period may be longer." Fed. R. Civ. P. 15(a). The original answer period was over when Plaintiffs filed their Amended Complaint so Defendants had 10 days from the filing of the Amended Complaint because that was longer than the original answer period. Ten days after September 6 is September 20. Fed R. Civ. P. 6 (Saturdays and Sundays omitted where period is less than 11 days). When the magistrate judge ordered an extension to the answer period the current answer period ended on September 20, therefore a fifteen day extension made the responses due by October 5. Defendants filed their motions on September 26, well before the end of the extended time period.

Even if Plaintiff's calculation of time is correct, then this Court would still deny Plaintiff's motion. By Plaintiffs' count, Defendants had until September 19 to answer or otherwise defend.

Defendants filed their motions to dismiss on September 26. Under controlling precedent, had the clerk appropriately entered an entry of default then this Court would consider three factors in deciding whether to vacate the entry of default. "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006).

For a defendant's conduct to be culpable it must "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 399 (6th Cir. 1987). Here, Defendants represent they misunderstood the order of the magistrate judge to mean they had until September 26 rather than September 19 to defend. While this interpretation of the order is incorrect it is not clearly unreasonable, and Plaintiffs have shown no evidence of culpable conduct.[1]

Neither party has argued whether Defendants have a meritorious defense, and so the Court will not consider that prong of the test. The Court does note "Defendant is not required to prove the likelihood that the proffered defense will succeed; rather the test is whether the defense relied upon is good at law." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983).

Plaintiffs in their motion fail to explain why the delay caused them prejudice, and federal courts have a strong preference for deciding issues on the merits. *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990).

---

[1] Plaintiffs do point to a letter by Charles Pope in their motion for sanctions, which Plaintiffs claim shows the conduct was willful (Court File No. 51, Ex. 1). However, this letter was written before the magistrate judge issued his order. If Mr. Pope believed the judge would enter the order the same day as he filed it then there is no necessary conflict as Defendants believed the order would extend the answer period fifteen days from the date the order was entered.

Under these circumstances, a delay of seven days does not warrant the extreme remedy of default where the delay was mere negligence and did not prejudice Plaintiffs.

Plaintiffs do argue entry of default is appropriate because Defendants have not yet answered the complaint (Court File No. 33 at 2). However, the rule on default judgment only requires a party to "otherwise defend" an action. Fed. R. Civ. P. 15(a). Filing a motion to dismiss for failure to state a claim will toll the time required to answer by Rule 55. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2682 (3d. 1998).

For these reasons Plaintiffs' Motion for Entry of Default will be **DENIED** (Court File No. 16).

Crady's Motion to Strike Declaration of George T. Underwood, Jr. is moot and will be **DENIED** (Court File No. 35).

Crady's First Motion to Set Aside Request of Clerk for Entry of Default is moot and will be **DENIED** (Court File No. 37).

Plaintiffs' Motion to Strike First Motion to Set Aside Request of Clerk for Entry of Default is moot and will be **DENIED** (Court File No. 38).

### III.   DEFENDANTS' MOTIONS TO DISMISS THE AMENDED COMPLAINT

Defendants have filed motions and memoranda contesting the service of Plaintiffs' amended complaint (Court File No. 24-25, 29-30, 43). Defendants first claim the Amended Complaint is both untimely and Plaintiffs failed to ask permission of the Court before filing (Court File No. 30 at 3). Because Defendants raise numerous arguments of little merit the Court will briefly state each objection and answer.

### A. The Amended Complaint was timely

Defendants argue, inexplicably, Plaintiffs only had 20 days to file an amended complaint as of right under Rule 15(a) (Court File No. 29 at 3-4). The first sentence of Rule 15(a) is the applicable passage, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Defendants argue the time limit applicable is the limit for pleadings for which "no responsive pleading is permitted." Fed. R. Civ. P. 15. A complaint is clearly not a pleading for which no responsive pleading is permitted because failure to respond leaves a party liable for default. *See* Fed. R. Civ. P. 55. Plaintiffs filed their Amended Complaint on September 6, 2007 (Court File No. 8). Defendants have only responded with motions to dismiss (Court File No. 19, 21), which are not responsive pleadings within the meaning of Rule 15(a). *Youn v. Track, Inc.*, 324 F.3d 409, 415 n.6 (6th Cir. 2003). Defendants did not file a responsive pleading before Plaintiffs filed their Amended Complaint, therefore, Plaintiffs could still amend their complaint once as of right.

### B. The Lack of a Certificate of Service

Defendants complain the Amended Complaint lacks a certificate of service, and therefore this Court should dismiss the Amended Complaint (Court File No. 43 at 2, 29 at 1). A "certificate of service is to provide the court with clear proof that service has been accomplished." *Russell v. City of Milwaukee*, 338 F.3d 662, 666 (7th Cir 2003). "[T]he absence of a certificate does not require the invalidation of the paper where service is not contested or where the court finds that service was accomplished." *Id*. The relevant question, therefore, is whether Defendants were properly served, and not whether Plaintiffs included a certificate of service on the Amended Complaint.

### C. The Complaint was Properly Served

Defendants in the alternative argue the Court should dismiss Plaintiffs' Amended Complaint because Plaintiff failed to serve the Amended Complaint properly (Court File No. 30 at 2). Defendants argue the Amended Complaint is defective because Plaintiffs did not serve Defendants prior to filing the Amended Complaint with the Court. The operative language of Rule 5 is "All papers after the complaint required to be served upon a party together with a certificate of service, must be filed with the court within a reasonable time after service." Fed. R. Civ. P. 5. Defendants claim this indicates the Amended Complaint must be served on Defendants before Plaintiffs filed it with the Court.

Defendants misconstrue Rule 5. Rule 5 merely requires filing with the court before a certain time period has passed. The time period is measured as a "reasonable time after service." Contrary to Defendants' argument, the Rule does not require a party to serve opposing counsel before filing the document with the court.

Defendants have not advanced any argument the actual service of the Amended Complaint is defective. Under Rule 5(b)(2)(D) a person may be served by electronic means if they consent to electronic service. According to internal court files, Charles W. Pope Jr. consented to electronic service from the Court on June 5, 2005, and M. Josiah Hoover, III consented to electronic service from the Court on July 24, 2005. Defendants' counsel have already consented to electronic service, and were served with electronic service when Plaintiffs filed their Amended Complaint with the Court. Defendants' arguments are without merit. Defendants' motions to dismiss the Amended Complaint will be **DENIED** (Court File Nos. 29, 43).

## IV. OTHER MATTERS

### A. Plaintiff's Motion for Time to respond

Plaintiffs, in the alternative to entry of default, ask for more time to reply to Defendants' motions to dismiss (Court File No. 23). This motion is **GRANTED**. Plaintiffs have twenty days after the entry of this order to reply to Defendants' motions to dismiss.

### B. Defendants' Motion for Hearing

Defendants Seaton, Crady, and Seaton Enterprises have filed a motion requesting a hearing (Court File No. 44). Oral Arguments will not assist this Court in its decisions and therefore this Court will **DENY** this motion.

### C. Civility

Finally, this Court expects a greater level of civility between attorneys. The Court does not know, and does not care why this action has become so acrimonious. This Court understands, particularly on these facts, opposing parties may have difficulty being courteous. However, this Court expects the lawyers to act as a calming, rather than an aggravating influence. There are at least four accusations in the record from various parties that opposing counsel has violated Rule 11 (Court File No. 31 at 3) (failure to attach certificate of service and defective service constituted "bad faith" and caused unnecessary delay); (Court File No. 33 at 5) (Previous accusation of Rule 11 violation was itself frivolous and a violation of Rule 11); (Court File No. 41 at 3) (same as document 31); (Court File No. 51) (claim by opposing counsel to be mistaken about filing deadline in bad faith and in violation of Rule 11). The only motion has been withdrawn (Court File No. 80).

Several parties have filed discovery notices and other discovery materials with the Court. "[T]he following discovery requests and responses must not be filed until they are used in the

proceeding or the court orders filing: (i) depositions, (ii) interrogatories, (iii) requests for documents or to permit entry upon land, and (iv) requests for admission." Fed. R. Civ. P. 5(d). Unless the parties expect to use the discovery materials in their motion practice the parties should not file these matters with the Court as they only serve to clutter the docket.

Various Parties have also filed motions to strike. For example, Crady believed the affidavit of Underwood incorrectly calculated time, and so filed a motion to strike the affidavit from the record (Court File No. 35). Crady also filed a motion to "set aside" Plaintiff's Motion for Entry of Default (Court File No. 37). Plaintiffs then filed a Motion to Strike this motion (Court File No. 38). Motions to strike are disfavored under the Federal Rules and will only be granted in extraordinary circumstances. *See* Fed R. Civ. P. 12(f). This Court will not strike a motion, memorandum, or affidavit unless the document is redundant, immaterial, impertinent, or scandalous and this document has caused some prejudice to the opposing party. It does not assist this Court for the parties to file a motion to strike a motion to strike.

If a party disputes a point of law or a fact stated in opposing counsel's brief the proper procedure is to file a response in opposition. *See* E.D. TN. L.R. 7.1.

The Court also notes discovery has been particularly contentious in this case. There have been four motions for protective orders (Court File No. 52, 81, 87, 103), and one motion to compel (Court File No. 95). Discovery should require a minimum of judicial resources, but in this particular case the parties have been consistently unable to resolve their disputes. Perhaps the parties had to bring some of these disputes before the magistrate judge, but the Court expects some of the disputes could have been avoided if the parties had communicated better or been willing to compromise in their discovery disputes.

Hereafter, the Court expects the attorneys in this matter to conduct themselves with greater civility.

## V. CONCLUSION

For the foregoing reasons:

Plaintiffs' Motion for Entry of Default will be **DENIED** (Court File No. 16).

Plaintiffs' Motion to Dismiss all Defendants' Time Barred Pleadings and Waived Motions (Court File No. 23) will be **DENIED IN PART** and **GRANTED IN PART**.

Defendant Crady's First Motion to Dismiss Plaintiffs' Amended Complaint (Court File No. 29) will be **DENIED**.

Defendant Crady's First Motion to Strike Declaration of George T. Underwood, Jr. (Court File No. 35) will be **DENIED** as moot.

Defendant Crady's First Motion to Set Aside Request of Clerk for Entry of Default (Court File No. 37) will be **DENIED** as moot.

Plaintiffs' Motion to Strike Defendant Crady's First Motion to Set Aside Request of Clerk for Entry of Default (Court File No. 38) will be **DENIED** as moot.

Defendants Seaton, Seaton Enterprises, and Crady's First Motion to Dismiss Plaintiffs' Amended Complaint (Court File No. 43) will be **DENIED**.

Defendants Seaton, Seaton Enterprises, and Crady's First Motion for a Hearing (Court File No. 44) will be **DENIED**.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**