UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| RODOLFO REYES AND SANDRA REYES | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No: 1:07-cv-196 |
| v. | ) | |
| | ) | |
| SEATON ENTERPRISES, LLC, DAVID | ) | Chief District Judge Curtis L. Collier |
| RUSSELL SEATON, ANTHONY CRADY, | ) | |
| AND KRISTIE MARVIN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Before the Court are numerous dispositive motions filed by both sides in this case. Defendants Seaton Enterprises LLC ("Seaton Enterprises") and David Russell Seaton ("Seaton") filed a motion to dismiss in response to the complaint (Court File No. 19). Defendants Anthony Crady ("Crady") and Kristie Marvin[1] ("Marvin") also filed a motion to dismiss in response to the complaint (Court File No. 21), and defendants Seaton Enterprises, Seaton, and Crady filed a motion to dismiss (Court File No. 25). Seaton, Seaton Enterprises, Crady, and Marvin (collectively "Defendants") filed a joint motion for summary judgment (Court File No. 122), and plaintiffs Rodolfo Reyes and Sandra Reyes (collectively "Plaintiffs") filed a motion for partial summary judgment (Court File No. 128).

For the reasons set out below, the Court will **GRANT IN PART** and **DENY IN PART** the Defendants' motions to dismiss (Court File Nos. 19, 21, 25).

---

[1]The parties refer to her as either Kristie Marvin, Kristie Marvin Hurst, or Kristie Hurst. The Amended Complaint refers to her as Kristie Marvin and the Court will use that designation.

The Court will **DENY** Defendants' motion for entry of default (Court File No. 125). The

Court will **DENY** Plaintiffs' motion for summary judgment as untimely (Court File No. 128). The

Court will **DENY** Defendants' motion for summary judgment (Court File No. 122); except the Court

will **GRANT** summary judgment to Defendants on Plaintiffs' claim for retaliation, and the Court

will **RESERVE RULING** on Plaintiffs' claims for punitive damages and Marvin's involvement in

the conspiracy.

I. **FACTS**

The facts underlying Plaintiffs' claims are adequately set out in the Court's previous

memorandum (Court File No. 114).

II. **DEFENDANTS' MOTIONS TO DISMISS**

The Court will consider each claim in the order Plaintiffs alleged that claim in their

complaint, and then consider any motion of Defendants to dismiss that claim.

A. **Standard of Review**

In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court construes the complaint

in the light most favorable to the plaintiff, *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998), accepts

the complaint's factual allegations as true, *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir.

1994), and determines whether the plaintiff has pleaded "enough facts to state a claim to relief that

is plausible on its face," *Bell Atl. Corp. v. Twombly*, – U.S. –, 127 S. Ct. 1955, 1974 (2007)

(rejecting traditional Fed. R. Civ. P. 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41,

45-46 (1957)). The Court may not grant a 12(b)(6) motion based upon its disbelief of a complaint's

factual allegations, *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995), nor should the Court weigh the evidence or evaluate the credibility of witnesses, *id*. (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The question is not whether the plaintiff will ultimately prevail but whether "the claimant is entitled to offer evidence to support the claims." *Kroll v. United States*, 58 F.3d 1087 (6th Cir. 1995); *Ecclesiastical Order of the ISM of AM., Inc. v. Internal Revenue Serv.*, 725 F.2d 398, 403 (6th Cir. 1984). At the same time, bare assertions of legal conclusions are insufficient, and the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988).

### B.    Conspiracy to Violate Plaintiffs' Civil Rights

Defendants first claim Plaintiffs have failed to allege the necessary elements of a prima facie case for the federal claim of conspiracy (Court File No. 20 at 9, 22 at 9, 25 at 8). Defendants only raise this issue as to Marvin. Defendants argue the complaint merely alleges Marvin's presence, and fails to allege actual participation or membership in the conspiracy or discriminatory animus on her part.

In addition, Defendants argue the conspiracy claim against the corporation and its officers should be dismissed because of the intracorporate immunity doctrine (Court File Nos. 22 at 10, 25 at 10, 20 at 9).

Plaintiffs argue the intracorporate immunity doctrine does not apply for two reasons. First, either Seaton or Crady were acting outside the scope of their employment (Court File No. 120 at 13). Second, Marvin is not an employee of Seaton Enterprises, and is alleged to be a member of the conspiracy (*id*.).

Defendants correctly state the rule that a corporation cannot conspire with its own agents or employees. *Hull v. Cuyahoga Valley Joint Voc. Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 509-10 (6th Cir. 1991).

Plaintiffs' Amended Complaint alleges Marvin was present for the duration of Seaton and Crady's assault (Amended Complaint ¶ 17). The Amended Complaint also alleges Seaton and Crady beat Rodolpho Reyes while uttering racist profanity, and then alleges Seaton threatened his life by pointing a pistol at his head (*id*. at ¶ 23-29). Finally, the Amended Complaint alleges Marvin along with Crady later went to the home of two "Good Samaritan" witnesses and attempted to intimidate them repeatedly telling them "you did not see anything." (*id*. at ¶ 32). The Amended Complaint, fairly read, alleges Marvin observed her co-defendants beat Rodolfo Reyes while verbally indicating their racial animus, and then she later attempted to intimidate witnesses to protect Seaton and Crady. This is sufficient to allege a claim Marvin was a member of a conspiracy.

Marvin is not alleged to be an employee of Seaton Enterprises, and a conspiracy only requires two or more members. Accordingly, the Court will **DENY** Defendants' motions to dismiss count one.

### C.    Deprivation of Fundamental Rights

Count two of the Amended Complaint alleges Defendants' conduct constituted "intentional invidious interference with and deprivation of fundamental rights guaranteed by the U.S. Constitution under the 13th and 14th Amendments including the Equal Protection Clause." (Amended Complaint at 12).

Defendants argue the Thirteenth Amendment to the U.S. Constitution cannot be the basis of Plaintiffs suit absent the support of 42 U.S.C. §§ 1981, 1985 (Court File Nos. 20 at 12, 22 at 12, 25

at 13). Defendants also argue Plaintiffs fail to make a claim out under the Fourteenth Amendment to the U.S. Constitution because Plaintiffs fail to allege how Defendants actions are state actions as the amendment requires (Court File Nos. 22 at 13, 25 at 14).

Plaintiffs fail to respond to either of these arguments (Court File No. 120). Plaintiffs merely recount the elements of a hostile work environment claim and then proceed to expound on the purpose of the Thirteenth Amendment without addressing the contention of Defendants that the Thirteenth Amendment is not actionable absent 42 U.S.C. § 1981 (*id*. at 4-8).

Defendants provide the same string cite in all three motions to dismiss to support the proposition the Thirteenth Amendment "cannot stand alone as the basis for jurisdiction . . . without the support of 42 U.S.C. § 1981." (Court File No. 25 at 14). One of the cases Defendants cite indeed stands for this principle. *Lopez v. Sears, Roebuck & Co.*, 493 F.Supp. 801 (D.Md. 1980). "The Amendment does not in any way address issues of employment discrimination allegedly based on race or nationality. Although the Thirteenth Amendment provides the constitutional basis for claims arising under 42 U.S.C. § 1981 and other implementing statutes, it does not operate as an independent ground for a cause of action." *Id*. at 806-07. Defendants have cited a case on point.

Plaintiff offers no argument for why this authority is wrong. And the Court, through its own research, can find no cases holding the Thirteenth Amendment provides an independent ground for recovery in an employment discrimination action. The Court will **GRANT** Defendants' motions to dismiss this claim.

Defendants also move to dismiss Plaintiffs' claims under the Fourteenth Amendment because that amendment requires state action, which Plaintiffs have not alleged. Defendants are correct liability under the Fourteenth Amendment requires state action. *Jackson v. Metro. Edison Co.*, 419

U.S. 345, 349 (1974). The Amended Complaint offers no justification for any state action, and Plaintiffs offer no response to Defendants' motions to dismiss Plaintiffs' Fourteenth Amendment claims (Court File No. 120). Accordingly, the Court will **GRANT** Defendants' motions to dismiss these claims, and Plaintiffs' claims under the Thirteenth and Fourteenth Amendments will be **DISMISSED**. This dismisses count two of the Amended Complaint.

### D.      Violation of 42 U.S.C. § 1981

Defendants argue Plaintiffs' claim for relief under 42 U.S.C. § 1981 should be dismissed because Plaintiffs have failed to plead a prima facie claim.

> Plaintiffs have failed to allege a proper claim for discrimination due to the absence of any factual allegations showing: 2) Rodolfo Reyes was qualified for his job and performed it satisfactorily; 3) Rodolfo Reyes suffered an adverse employment action despite his qualifications and performance; and 4) Rodolfo Reyes was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside his class.

(Court File No. 20 at 8, 25 at 8, 22 at 9).

Plaintiffs argue the elements of a hostile work environment are the relevant elements in this case.

Defendants' argument is incorrect for two reasons. First, Defendants demand a more detailed pleading than the Federal Rules of Civil Procedure require. "Under our system of notice pleading a complaint need only provide 'the defendant [with] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007) (*quoting Erickson v. Pardus*, — U.S. —, 127 S.Ct. 2197, 2200 (2007)). The Supreme Court has previously rejected the argument a plaintiff must mechanically plead a prima facie case of discrimination. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002). The prima facie standard "operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard

for discrimination cases." *Id*. at 512.

Second, as one of the cases Defendants cite notes, the "intent requirement may be satisfied by direct allegations and proof of invidious discriminatory animus." *Leonard v. Frankfort Elec. & Water Plant Bd.*, 752 F.2d 189, 193 (6th Cir. 1985) *abrogated on other grounds by Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989). Direct evidence is "that evidence which if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Amini v. Oberlin Coll.*, 440 F.3d 350, 359 (6th Cir. 2006). To proceed under a direct evidence theory, a plaintiff must show the employer was predisposed to discriminate on an impermissible basis, and also show the employer acted on that predisposition. *Hein v. All America Plywood Co.*, 232 F.3d 482, 488 (6th Cir. 2000). Presuming, as the Court must, a juror believes Plaintiffs' account of the incident he will believe Seaton and Crady beat Rodolpho Reyes whilst Seaton called him a "f___ing Mexican." (Amended Complaint ¶ 24). Seaton's statement unambiguously states a predisposition of racial animus, and since given while participating in an unprovoked attack also indicates that animus formed a motive for the assault.

Plaintiffs seek to rely on a theory of hostile work environment to maintain their claim under 42 U.S.C. § 1981. A claim for hostile work environment and an ordinary disparate treatment claim have different elements. *Compare Hafford v. Seidener*, 183 F.3d 506, 512 (6th Cir. 1999); *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 461 (6th Cir. 2001). And so the fact Plaintiff failed to plead the specific factors of the *McDonnell Douglas* test does not mean the amended complaint fails to state a claim for hostile work environment. The Court will **DENY** Defendants' motions to dismiss this count of the complaint.

E.     **Violation of the Tennessee Hate Crime Statute, Outrageous Conduct, Assault and Battery, Defamation/Slander**

The only argument Defendants raise to dismiss these claims is because the Court should dismiss Plaintiffs' federal claims and the Court will lack subject matter jurisdiction over the remaining state claims.

One of the motions to dismiss does argue count 6, assault and battery, is far "too vague to afford a reasonable opportunity to respond and should be dismissed as it fails to state applicable law." (Court File No. 20 at 13). There is no argument in the memorandum to explain why Seaton and Seaton Enterprises assert the assault and battery claim is too vague. Rodolpho Reyes alleges Defendants beat him without cause or provocation. Defendants provide no argument explaining why this count is too vague and no such argument is apparent. Accordingly, the Court will **DENY** Defendants' motions to dismiss for lack of subject matter because some of Plaintiffs' federal claims survive, and the Court will **DENY** Defendant's motions to dismiss Plaintiffs' assault and battery claim.

### F.      Respondeat Superior

Defendants also argue Plaintiffs have insufficiently alleged respondeat superior liability on the hostile work environment claim because they have failed to allege Crady was acting in a supervisory capacity (Court File Nos. 22 at 11-12; 25 at 12-13). Plaintiffs do not respond to this argument.

Defendants are pointing out a limit on the liability of an employer for claims of hostile work environment. This limitation requires a plaintiff to impute liability for the hostile work environment to the employer. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 802-03 (1998). Plaintiffs may show Seaton Enterprises is liable for a hostile work environment either directly or vicariously. "An employer is liable if it knew or should have known of the charged . . . harassment and failed to

implement prompt and appropriate corrective action." *Hafford v. Seidner*, 183 F.3d 506, 513 (6th Cir. 1999). Employer liability for the harassment by a supervisor is vicarious. *Id.* So, in this case, Plaintiffs may show Seaton Enterprises is liable for the harassing conduct either because Seaton Enterprises knew or should have known of the coworker harassment, or because a supervisor took part in the harassing conduct.

The Amended Complaint alleges Seaton orchestrated and participated in the beating of plaintiff Rodolpho Reyes (Amended Complaint ¶¶ 23-27). Seaton, according to the Amended Complaint, is the "President and Owner" of Seaton Enterprises (Amended Complaint ¶ 5). The Amended Complaint therefore alleges the principal officer of the corporation engaged in a racially motivated beating of one of the corporation's employees. According to the Amended Complaint, a supervisor was involved in the conduct creating a hostile work environment, and the corporation is therefore vicariously liable. Plaintiff does not need to show all participants in the hostile work environment were supervisors. The Court will **DENY** Defendants' motions to dismiss this claim.

I.      **Damages**

Defendants also claim Plaintiffs' amended complaint should be dismissed for two reasons. First, Defendants argue Plaintiffs have failed to particularly plead damages as required for a defamation claim (Court File Nos. 20 at 10, 22 at 11, 25 at 11).[2] Defendants cite two cases for the principle a plaintiff must plead damages with particularity. *Benton v. Knoxville News-Sentinel Co.*, 130 S.W.2d 106, 108 (Tenn. 1939); *Kansas City, Memphis. & Birmingham R.R. Co. v. Delaney*, 52 S.W. 151 (Tenn. 1899). Defendants do not specifically argue the requirement for special damages,

---

[2]The Court does note even Fed. R. Civ. P. 9(g) does not require a plaintiff to plead special damages with particularity, but rather the rule requires a plaintiff to plead special damages "specifically."

necessary for some but not all defamation cases in their arguments section. Nonetheless, the cited

cases and the introduction section indicate the basis of their argument (Court File Nos. 20 at 2, 22

at 2, 24 at 2). Second, Defendants argue Plaintiffs have failed to adhere to the limitation of damages

in 42 U.S.C. § 2000(e) (Court File Nos. 20 at 10, 22 at 11, 25 at 11).

Plaintiffs argue they have pleaded damages with sufficient particularity under the rule (Court

File No. 120 at 12), and argue the limitation on damages provision does not apply to actions under

42 U.S.C. §§ 1981, 1985.

There are two sorts of cases where special damages are ordinarily of concern. First, those

cases where a plaintiff seeks damages "that are in addition to the general damages the law normally

awards. . . . In the second class of cases, the existence of special damages is an essential ingredient

of the plaintiff's claim for relief." 5A Wright & Miller, *Federal Practice & Procedure* § 1310 (3rd

ed. 2004). Among other "disfavored" torts the tort of defamation often requires proof of special

damages.

The common law separated defamatory statements into two categories. First, there are those

statements that on their face tend to impugn the subject's reputation. These statements are

defamatory per se, and any defamatory statement which was defamatory per se did not require a

plaintiff to plead special damages. *Memphis Pub. Co. v. Nichols*, 569 S.W.2d 412, 418 (Tenn.

1978). Second, those defamatory statements which were defamatory only in light of extrinsic facts,

and these statements were defamatory per quod. *Id*. at 419.[3] A plaintiff has no cause of action in

_____

[3]The classic example of a defamatory statement per quod is a newspaper "report that the plaintiff had given birth to twins. Such publication was defamatory in light of the fact the plaintiff had been married only one month." *Memphis Pub. Co.*, 569 S.W2d at 418 (*citing Morrison v. Ritchie & Co.*, 9 S.L.T. 476 (1902)).

defamation per quod unless he can prove special damages, and a plaintiff's ability to recover general

damages for defamation per quod is contingent on the proof of special damages. *Id*. at 421 n.8. The

Supreme Court of Tennessee abolished the per se/per quod distinction, and held all plaintiffs must

prove actual injury as with any other tort. *Id*. at 419-21. "A uniform requirement for proof of actual

damages obliterates these often illogical distinctions, most of them relics from centuries past.*" Id*.

at 421 (citations omitted).

The actual damages language originated in the *Gertz* case. *Gertz v. Robert Welch, Inc.*, 418

U.S. 323 (1974). In *Gertz*, the United States Supreme Court held the First Amendment prevented

presumed damages in some cases, instead "plaintiffs who do not prove knowledge of falsity or

reckless disregard for the truth [are limited] to compensation for actual injury." *Id*. at 349.[4] The

*Gertz* Court did not "define 'actual injury,' as trial courts [had] wide experience in framing

appropriate jury instructions in tort actions. *Id*. at 349-50. The Tennessee Supreme Court intended

to use a similar meaning as the *Gertz* Court, and would include the following damages within actual

injury: "impairment of reputation and standing in the community, personal humiliation, and mental

anguish and suffering." *Id*. at 350. Under the common law, "specific economic or material loss[es]"

qualified as special damages and had to be proven to recover at all. *Memphis Pub. Co.*, 569 S.W.2d

at 420-21. Under the actual damages standard used by the Tennessee Supreme Court a plaintiff

could recover for defamation without the proof of a specific material economic loss.

There is no substantive element of special damages in the tort of defamation under Tennessee

---

[4]The Tennessee Supreme Court went further than absolutely necessary under the *Gertz* decision. The *Gertz* Court merely eliminated presumed damages where a plaintiff had failed to prove knowledge of falsity or reckless disregard for the truth. *Gertz*, 418 U.S. at 349. The Tennessee Supreme Court's elimination of presumed damages in all defamation actions does have the merit of a straightforward application.

law, and therefore Rule 9(g) does not require a defamation plaintiff to specifically plead any "item of special damage." Fed. R. Civ. P. 9(g).

As Plaintiffs note, the statutory cap on damages applicable in Title VII cases by its own terms exempts actions under § 1981 and therefore does not apply. 42 U.S.C. § 1981a(b)(4); *Kim v. Nash Finch Co.*, 123 F.3d 1046, 1068 (8th Cir. 1997); *Swinton v. Potomac Corp.*, 270 F.3d 794, 820 (9th Cir. 2001). The Court will **DENY** Defendants' motions to dismiss on these grounds.

### J.        Plaintiff Sandra Reyes Standing

Defendants also argue plaintiff Sandra Reyes lacks standing to bring an action under 42 U.S.C. § 1981 (Court File Nos. 20 at 4, 22 at 4, 25 at 4). Plaintiffs do not respond to this particular argument (Court File No. 120). Defendants correctly note an element of a claim for relief under 42 U.S.C. § 1981 is a contractual relationship. "Section 1981 plaintiffs must identify injuries flowing from a racially motivated breach of their own contractual relationship, not of someone else's." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 480 (2006). There is neither a contractual relationship alleged in the complaint, nor any indication plaintiff Sandra Reyes intended to form a contractual relationship with any of the Defendants. So the complaint fails to state a claim for which relief may be granted insofar as it alleges plaintiff Sandra Reyes may recover under 42 U.S.C. § 1981. The Court will **GRANT** Defendants' motions to dismiss plaintiff Sandra Reyes's claims under 42 U.S.C. § 1981.

### III.      MOTIONS FOR SUMMARY JUDGMENT

Both parties have filed motions for Summary Judgment under Fed. R. Civ. P. 56. Because the Court will deny the motions for the most part, there is no need to engage in lengthy explanation.

For those aspects of these motions granted, the Court will provide an explanation.

### A.    Standard of Review

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party must demonstrate no genuine issue of material fact exists.  *Celotex*, 477 U.S. at 323; *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003).  That is, the moving party must provide the grounds upon which it seeks summary judgment, but does not need to provide affidavits or other materials to negate the non-moving party's claims.  *Celotex*, 477 U.S. at 323.  The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).  However, the non-movant is not entitled to a trial based solely on its allegations, and must submit significant probative evidence to support its claims.  *Celotex*, 477 U.S. at 324; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing on an essential element for which it bears the burden of proof.  *Celotex*, 477 U.S. at 323.  In short, if the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court may enter summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

### B.    Discussion

As an preliminary note, many of the grounds for summary judgment listed are repetitions of the grounds listed for motion to dismiss and so are mooted by the Courts resolution of the earlier

motions to dismiss. Defendants raise 16 grounds for summary judgment.

First, Defendants argue the Court should grant summary judgment because Plaintiffs cannot prove the elements of the *McDonnell Douglass* test, and for the same reasons the Court outlined above this argument is without merit.

Second, Defendants argue the Court should grant summary judgment because Plaintiffs cannot prove they engaged in a protected activity, an essential element of a retaliation claim. The United States Court of Appeals for the Sixth Circuit has not considered whether a retaliation claim is cognizable under 42 U.S.C. § 1981, but other circuits have uniformly found section 1981 can support a claim for retaliation. *Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 401 (7th Cir. 2007) (gathering cases), *cert. granted*, 128 S.Ct. 30 (2007). Plaintiff must bring forth evidence so that a reasonable juror could find by preponderance of the evidence he engaged in protected activity. *Singfield v. Akron Metro. Housing Auth.*, 389 F.3d 555, 562 (6th Cir. 2004). In their Amended Complaint, Plaintiffs allege the retaliation is for engaging in "protected activity including . . . freedom of association and the right to privacy both encompassing the right to marry interracially; and exercising the right to make and enforce employment contracts." (Amended Complaint at 15). This claim cannot succeed. There is nothing in the record indicating any conduct other than the hostile work environment claimed in count three. However, this claim is nothing more than a restatement of a general claim for discriminatory impairment of the right to contract. Retaliation claims exist to prevent "an employer from interfering (through retaliation) with an employee's efforts to secure or advance *enforcement* of the [law's] basic guarantees." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405, 2412 (2006) (emphasis added). Plaintiffs have neither alleged, nor supported with competent evidence, any conduct on their part to advance their

rights under 42 U.S.C. § 1981 for which Defendants punished them. Defendants' motion for summary judgment on this claim will be **GRANTED**.

The Court will **DENY** Defendants' motion for summary judgment on the grounds numbered three and four.

Fifth, Defendants argue the Court should grant summary judgment because "Plaintiffs have failed . . . to prove that Seaton and Crady's alleged discrimination was intentional and that they were personally involved in a [sic] discriminating conduct." (Court File No. 122 at 3). Plaintiff in his affidavit repeats his allegation Crady and Seaton beat him while screaming racist profanity (Court File No. 141 Ex. 1).

Defendants further argue "Plaintiffs have also failed to submit evidence of gross negligence in the supervision of subordinates." (Court File No. 122 at 3). Gross negligence is not required.

Finally, Defendants argue "Plaintiffs have also failed to show any connection of [Marvin] as to the commission of any wrongful acts or constitutional violations." (*Id.*). This argument was unavailing to Defendants in their motion to dismiss, but is more successful here. Plaintiffs have proffered an affidavit where Rodolfo Reyes repeats his accusation that Marvin attempted to intimidate witnesses after the beating (Court File No. 141 Ex. 1 ¶ 10). The source of this information is unclear, but on its face this appears to be hearsay evidence. Neither party has adequately briefed this issue, and so the Court will **RESERVE RULING** as to this ground for summary judgment.

The Court will **DENY** Defendants' motion for summary judgment on the grounds numbered six through fourteen.

Fifteenth, Defendants argue the Court should grant summary judgment on the issue of

punitive damages "because of the efforts of Seaton Enterprises to enforce anti-discrimination laws." (Court File No. 122 at 5). The Court will **RESERVE RULING** on the issue of punitive damages until after the liability phase of the trial is concluded.

Sixteenth, the Court will **DENY** Defendants' motion for summary judgment on this ground.

Accordingly, the Court will **DENY** Plaintiffs' motion for summary judgment as untimely (Court File No. 128). The Court will **DENY** Defendants' motion for summary judgment (Court File No. 122); except the Court will **GRANT** Defendants' motion for summary judgment on Plaintiffs' claim for retaliation, and the Court will **RESERVE RULING** on Plaintiffs' claims for punitive damages and Marvin's involvement in the conspiracy.

## IV.    CONCLUSION

The Court will **GRANT IN PART** and **DENY IN PART** Defendants' motions to dismiss (Court File Nos. 19, 21, 25).

The Court will **DENY** Defendants' motion for entry of default (Court File No. 125). The Court will **DENY** Plaintiffs' motion for summary judgment as untimely (Court File No. 128). The Court will **DENY** Defendants' motion for summary judgment (Court File No. 122); except the Court will **GRANT** summary judgment to Defendants on Plaintiffs' claim for retaliation, and the Court will **RESERVE RULING** on Plaintiffs' claims for punitive damages and Marvin's involvement in the conspiracy.

This matter will proceed to trial before a jury on May 27, 2008 on the following claims:

Plaintiffs' claim Defendants conspired to violate their civil rights under 42 U.S.C. § 1985(3) (count one of the amended complaint).

Plaintiffs' claim that Seaton Enterprises, Seaton, and Crady violated Rodolfo Reyes's rights under 42 U.S.C. § 1981 (count three of the amended complaint).

Plaintiffs' claim that Seaton Enterprises, Seaton, and Crady violated Plaintiffs rights under Tenn. Code Ann. § 4-21-701 (count four of the amended complaint).

Plaintiffs' claim that Seaton Enterprises, Seaton, and Crady committed the tort of intentional infliction of emotional distress (count five of the amended compliant).

Plaintiff Sandra Reyes claim against Seaton for defamation and slander (count seven of the amended complaint).

Plaintiff Sandra Reyes claim against Defendants for loss of consortium. Loss of consortium is a separate claim under Tennessee law. *Tuggle v. Allright Parking Sys., Inc.*, 922 S.W.2d 105, 108 (Tenn. 1996). Plaintiffs have erroneously designated it as a type of damage to recover (Amended Complaint at 15). However a Court should construe a complaint "to do justice." Fed. R. Civ. P. 8(e).

An Order shall enter.

                                   **/s/**
                                   **CURTIS L. COLLIER**
                                   **CHIEF UNITED STATES DISTRICT JUDGE**