UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| RODOLFO REYES AND SANDRA REYES | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No: 1:07-cv-196 |
| v. | ) | |
| | ) | |
| SEATON ENTERPRISES, LLC, DAVID | ) | Chief District Judge Curtis L. Collier |
| RUSSELL SEATON, ANTHONY CRADY, | ) | |
| AND KRISTIE MARVIN, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM**

Before the Court are numerous pretrial motions filed by both sides in this action. For the reasons set out below, the Court will **GRANT**, **DENY**, **GRANT IN PART, DENY IN PART**, and **RESERVE RULING** on these various motions (Court File Nos. 167, 176, 181, 193, 195, 196, 198, 199, 200, 201, 202).

**I.    DEFENDANTS' AMENDED MOTIONS FOR DEFAULT**

Defendants filed a motion for default judgment on February 27, 2008 (Court File No. 125), which the Court has already denied (Court File No. 217). Defendants have filed two "motions to amend" this motion for entry of default (Court File Nos. 167, 176). The amendments introduce an argument that the Court should exclude some of Plaintiffs experts. This argument appeared neither in Defendants' original motion nor in Defendants' subsequently filed memorandum (Court File No. 145), and the subsequent motions do not sufficiently set out the issue for the Court to render a decision. Defendants claim Plaintiffs failed to comply with the requirements of Rule 26(a)(2).

Plaintiffs have offered no response, and the Court is hesitant to rule on an issue with no input from one side. The Defendants' amendments to the extent they are separate motions will be **DENIED** (Court File No. 167, 176).

**II.     Plaintiffs' Motions in Limine**

**A.      Motion to Exclude Dr. Edward Workman**

Plaintiffs have moved to exclude or, in the alternative, compel the testimony of Dr. Workman at a deposition (Court File No. 181). "Plaintiffs request[ed either] that the Court GRANT this motion and exclude testimony by Dr. Edward Workman at the trial of this cause, or in the alternative, compel the Defendants to provide a discovery deposition of Dr. Edward Workman." (*Id*.). This matter appears to be resolved by the order of the magistrate judge providing for the immediate scheduling of Dr. Workman's deposition (Court File No. 182). The motion will be **DENIED** as moot.

**B.      Plaintiffs' Motion to Exclude Fenton C. Moran**

Plaintiffs have filed a motion to exclude the expert opinion of Fenton C. Moran ("Moran") (Court File No. 193). Defendants have responded in opposition (Court File No. 219).

Rule 702 of the Federal Rules of Evidence states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness who is qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. In *Daubert*, the Supreme Court held that courts must determine whether expert testimony meets a standard of evidentiary reliability before admitting the testimony into evidence.

*Daubert v. Merrell Dow Pharm., Inc.* 509 U.S. 579, 589 (1993). The *Daubert* court articulated four factors to consider in determining evidentiary reliability. Those factors include: (1) whether a theory or technique can and has been tested; (2) whether the theory or technique has been subjected to peer review or publication; (3) what the known potential rate of error is, and (4) if there is a general acceptance of the expert's opinion. *Id.* at 593-94. The Supreme Court further clarified the application of the *Daubert* standard in *Kumho Tire Co.,* in which that Court held, in exercising its function as gate-keeper, the trial judge applies Rule 702 to *all* expert testimony, making no distinction between "scientific" or "technical" and "other specialized" knowledge. *Kumho Tire Co., v. Carmichael*, 526 U.S. 137, 147 (1999). *Daubert* provides a "flexible" standard and not a "definite checklist or test," and therefore it is possible that all or none of the *Daubert* factors will apply to proffered testimony of an expert. *Daubert*, 509 U.S. at 593-94.

Prior to the adoption of the Federal Rules of Evidence, an expert could not testify or offer an opinion about the ultimate issue. *Torres v. County of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985). Federal Rule 704 reversed this rule and now "testimony . . . otherwise admissible is not objectionable because it embraces the ultimate issue to be decided." Fed. R. Evid. 704. This rule does not lower the bar of admissibility; instead, it merely removes the objection based on whether the opinion embraces the ultimate issue. *Torres*, 758 F.2d at 150. An opinion may still be objectionable for instance if it "merely tell[s] the jury what result to reach[, and offers an opinion] phrased in terms of inadequately explored legal criteria." *Id*. Opinions such as these would not help the jury to effectively determine the outcome of a case, and Rule 702 requires expert testimony to "assist the trier of fact to understand the evidence or to determine a fact in issue." The Sixth Circuit has previously held a trial court erred when it allowed a party to elicit an opinion on whether a plaintiff

had been discriminated against. *Torres*, 758 F.2d at 151. The conclusion offered in the *Torres* case closely tracked the legal language of the statute and was not addressed to the facts of the case, but merely offered an undetailed opinion of the correct result.

Moran's opinion spans two pages and is attached as an exhibit to Plaintiffs' motion (Court File No. 194 Ex. 1). In the attached deposition testimony Moran explains his method. First he reviewed the discovery documents and some of the pleadings and filings in the present case. Second "[he] reviewed some of the case law. [He] looked at the practical implementation of the law in the workplace and made [his] opinion." (Court File No. 194 Ex.1 at 26).

The opinion lists the sources of the opinion, cites the law, and then concludes "based on [his] review of the documents . . . [and his expertise] Mr. Seaton's actions were not intentionally discriminatory nor did Mr. Reyes meet the burden of proof with a preponderance of evidence to suggest the contrary." The Court concludes Moran is being offered as an expert witness in law to give testimony that amounts to an instruction on the law. As such it is not admissible. There is only one expert on the law in the courtroom and that is the judge. Plaintiffs' motion to exclude the report and any opinion based on the report will be **GRANTED**.

  **C.**  **Plaintiffs' Motion to Exclude Evidence of the Grand Jury Presentment**

Plaintiffs move to exclude evidence of the presentment of the case to the Grand Jury because any probative value of the evidence is substantially outweighed by unfair prejudice, confusion of the issues, or misleading the jury (Court File No. 195). Plaintiffs argue the evidence of the grand jury's return of a no true bill would cause unfair prejudice because there is substantial evidence that the grand jury was not privy to (*id*.), and the standards for liability are different under the civil rights acts here and the criminal statutes considered by the grand jury (*id*.). Plaintiffs argue the

introduction of this evidence will likely confuse the jury because responding to this information will require explaining standards of liability not controlling in this case (*id*.).

Defendants argue that Plaintiffs failed to object to the testimony at the deposition (Court File No. 213). The 'no true bill' of the grand jury is particularly probative because the prosecution has all possible advantages in a grand jury proceeding (*id*.). Finally, Defendants point out that if result had been otherwise Plaintiffs would have sought admission of the indictment (*id*.).

Grand juries are free to return a no true bill for any reason whatsoever, even if they believe a crime was committed.

> The grand jury does not determine only that probable cause exists to believe that a defendant committed a crime, or that it does not. In the hands of the grand jury lies the power to charge a greater offense or a lesser offense; numbers counts or a single count; and perhaps most significant of all, a capital offense or a noncapital offense- all on the basis of the same facts. Moreover, the grand jury is not bound to indict in every case where a conviction can be obtained.

*Vasquez v. Hillery*, 474 U.S. 254, 263 (1986) (citations omitted). Therefore the fact that a grand jury did not return an indictment is not probative of anything possibly not even the existence of probable cause..

Plaintiffs' motion to exclude evidence of the grand jury presentment (Court File No. 195) will be **GRANTED**.

### D. Plaintiffs' Motion to Exclude Newspaper Article

Plaintiffs move to exclude a newspaper article listed as exhibit 5 to plaintiff Rodolfo Reyes' deposition (Court File No. 196). Plaintiffs argue the article "contains false information and has no probative value." Defendants have not responded to this motion. Regardless of the probative value or lack thereof, this article is clearly a statement "other than one by the declarant while testifying at the trial." Fed. R. Evid. 801. Outside some proffered non-hearsay purpose, this article is clearly

inadmissible, and Defendants have provided no such non-hearsay purpose. Therefore, Plaintiffs' motion to exclude the newspaper article will be **GRANTED**.

### E. Plaintiffs' Motion to Remove Objections from Dr. Seals's Deposition

The issue of how to present videotaped depositions was handled at the final pretrial. The Court will recount the resolution of this issue in order to keep the record clear. The discussion focused on three issues the redaction of the other party's objections, the redaction of certain portions of the deposition itself, and the redaction of certain visual aids used in the depositions.

The Court ruled each side presenting a videotaped deposition should redact the objections of the other side, so the deposition will merely show questions and answers. And if the other side has an objection to a question asked or answer given during the deposition it should object as the deposition is played at trial. The Court will then consider and resolve the objection.

The Court ruled each side may, if it so chooses, present a limited portion of deposition testimony from each deposition. However, if the opposing party wishes to introduce the entirety of the deposition "which ought in fairness to be considered contemporaneously" they may do so according to the rule. Fed. R. Evid. 106.

The visual aids, which Defendants objected to, are not described in their motion to exclude videotaped depositions (Court File No. 189). At the final pretrial conference, the parties indicated the 'visual aids' consisted of large writings spelling some of the objectionable language Plaintiffs allege Seaton used. The Court agreed with Defendants these visual aids would be improper at trial, and Plaintiffs' counsel then indicated these visual aids would be redacted under the Court's resolution of this issue.

With this resolution, the Court effectively will **GRANT IN PART** Plaintiffs' motion (Court

File Nos. 199). The Court has also addressed the concerns raised by Defendant's motion, and to that extent the Court will **GRANT IN PART** Defendants' motion (Court File No. 189).

    **F.**    **Plaintiffs' Motion to Enjoin Defendants from Labeling Plaintiff**

Plaintiffs next move to enjoin Defendants and defense counsel from labeling plaintiff Rodolfo Reyes as an "illegal alien" or as an "alcoholic." (Court File No. 198). Defendants have not responded to this motion. Clearly, it would be improper for an attorney to refer to facts not in evidence. Therefore, labels such as these may only be used if the facts underlying them would be admissible. Here the accusation Reyes is an alcoholic is evidence of a trait of character. This evidence is rarely admissible in a civil trial. Fed. R. Evid. 404, 608. The accusation Reyes is an "illegal alien" is evidence of "other crimes" and is also rarely admissible in a civil trial. Fed. R. Evid. 404(b). Absent an argument for the admission of the evidence the Court will **GRANT** Plaintiffs' motion (Court File No. 198).

**III.**    **DEFENDANTS' MOTIONS IN LIMINE**

    **A.**    **Defendants' Motion to Exclude Videotaped Deposition Testimony**

Defendants filed a motion to exclude videotaped deposition testimony (Court File No. 189). This objection is considered and resolved in section II(F) above.

    **B.**    **Defendants' Motions to Exclude the evidence of the criminal background of Dawn Felix, Anthony Crady, and exclude evidence of the make or model of the unknown gun or weapon**

Defendants filed three motions in limine without any supporting memoranda (Court File Nos. 200, 201, 202). Without more detail on the objectionable material the Court cannot resolve these issues. For instance, Defendants move in the first motion to exclude "evidence or mention of the

criminal background of Dawn Felix." (Court File No. 200). There is no explanation of what that criminal background is or why it is objectionable. Since all three motions are unsupported the Court will **RESERVE RULING** on these matters until trial.

## IV. CONCLUSION

Defendants' motions for default will be **DENIED** (Court File Nos. 167, 176).

Plaintiffs' motion to exclude Dr. Edward Workman will be **DENIED** as moot (Court File No. 181).

Plaintiffs' motion to exclude Fenton C. Moran will be **GRANTED** (Court File No. 193).

Plaintiffs' motion to exclude evidence of the grand jury presentment will be **GRANTED** (Court File No. 195).

Plaintiffs' motion to exclude the newspaper article will be **GRANTED** (Court File No. 196).

Plaintiffs' motion to remove objhections from Dr. Seals's deposition will be **GRANTED IN PART** (Court File No. 199).

Plaintiffs' motion to enjoin Defendants from labeling Plaintiff will be **GRANTED** (Court File No. 198).

The Court will **RESERVE RULING** as to Defendants' unbriefed motions in limine (Court File Nos. 200, 201, 202).

Defendants' motion to exclude videotaped deposition testimony will be **GRANTED IN PART** (Court File No. 189).

**/s/**
**CURTIS L. COLLIER**

**CHIEF UNITED STATES DISTRICT JUDGE**